IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THURMAN HILL,

    Plaintiff,

v.                                                      Case No. 1:15cv101-MW/GRJ

IMPRO SYNERGIES LLC,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

    This is a civil action involving claims under various civil rights statutes. Plaintiff Thurman Hill filed a three-count complaint against Defendant Impro Synergies, LLC, his former employer, for allegedly retaliatory acts taken against him in response to his opposition to racial discrimination. ECF No. 1. Impro Synergies moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. ECF No. 9. This Court finds that Mr. Hill has stated a claim for retaliation in violation of the relevant civil rights statutes. Accordingly, this Order denies Impro Synergies' motion to dismiss.

    I.    **Standard of Review on Motion to Dismiss**

    Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

1

When deciding a motion to dismiss, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 799 (11th Cir. 2014) (quoting *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004)). To survive dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim is facially plausible when the court can draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCone*, 582 F. App'x at 799–800 (emphasis added) (quoting *Iqbal*, 556 U.S. at 662) (internal quotation marks omitted).

## II.   Introduction

The following facts, as Mr. Hill alleged in the complaint, are relevant to this Court's analysis. Thurman Hill was an African-American employee working as a maintenance technician at an apartment complex owned and operated by Impro Synergies in Gainesville, Florida. Impro Synergies sent a notice to cure to one of its residents. The resident complained to a Gainesville city commissioner. The city commissioner visited the property, supporting the resident and making accusations that the property manager at the apartment complex was "a racist,

oppressive, and violating residents [sic] civil rights." Mr. Hill went to the same city commissioner, advocating on behalf of the resident. Impro Synergies was aware of Mr. Hill's active support for the resident and verbally reprimanded him for such conduct.  On the same day that Impro Synergies became aware of Mr. Hill's actions, the property manager, Nicole Larson, sent another employee an email indicating that she was "ready to TERMINATE" Mr. Hill, that she was "ready to loose [sic] it on him," and that he "needs to go … quickly."  Impro Synergies characterized Mr. Hill's conduct as "extremely unprofessional and distasteful," and admonished him that such "blatant disrespect" would not be tolerated. Impro Synergies terminated Mr. Hill two months later.  Mr. Hill alleges that Impro Synergies' actions were responsive to his opposition to the racially-based discrimination of the resident, constituting retaliation in violation of 42 U.S.C. § 1981 (Civil Rights Act), 42 U.S.C. § 1982 (Civil Rights Act), and 42 U.S.C. § 3617 (Fair Housing Act).

   Impro Synergies moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. Impro Synergies argues that Mr. Hill fails to allege facts demonstrating how it discriminated against the resident and that he only provides conclusory accusations of racism.  Impro Synergies further argues that Mr. Hill failed to plead facts showing discriminatory intent.  Impro Synergies also argues that Mr. Hill failed to plead that he engaged in statutorily protected behavior.

Impro Synergies also argues that Mr. Hill's exhibits refute his allegations such that there are no facts indicating causation.

This Court finds that Mr. Hill has sufficiently stated a claim. Mr. Hill has provided sufficient factual detail in the complaint to satisfy the pleading requirements. Impro Synergies has cited to a host of cases requiring a heightened pleading standard for violations of the Civil Rights Statutes. However, all of these cases were decided before the *Twombly* and *Iqbal* decisions, where the Court made plain that there is no heightened pleading standard. The standard of review, as previously articulated, controls the evaluation of the complaint.

### III.   Retaliation in Violation of § 1981

In Count I of the complaint, Mr. Hill alleges that Impro Synergies retaliated against him in violation of 42 U.S.C. § 1981. Under § 1981,

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

The United States Supreme Court has held that § 1981 encompasses a claim for retaliation. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008). The Eleventh Circuit has provided: "[t]o establish a prima facie case of retaliation 'a plaintiff must show that (1) [he] engaged in statutorily protected expression; (2)

[he] suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression.'" *Tucker v. Talladega City Schools*, 171 F. App'x 289, 296 (11th Cir. 2006) (quoting *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998)).

Turning now to Mr. Hill's complaint, he has stated a claim that is plausible on its face.  Mr. Hill specifically provided that he went to the Gainesville city commissioner on a certain date, voicing specific concerns of racial discrimination of behalf of the resident.  Under § 1981, all persons have the equal rights relating to contracts.  Mr. Hill was advocating on behalf of the resident to enjoy this right.  This is plainly statutorily protected activity that Mr. Hill pled with specificity; it is not conclusory.  Mr. Hill provided sufficient factual detail to suggest he has suffered an adverse employment action by the verbal reprimands and termination.  The specific factual allegations relating to the precise timing of his advocacy and the adverse employment actions suggest that there could be a causal link between the two events.  Mr. Hill's complaint contains sufficient factual details to plausibly state a claim for relief under § 1981.

### IV.   Retaliation in Violation of § 1982

Moving to Count II of the complaint, Mr. Hill alleges that Impro Synergies retaliated against him in violation of 42 U.S.C. § 1982. Under § 1982, "[a]ll citizens of the United States shall have the same right, in every State and Territory,

5

as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The United States Supreme Court has held that a party may bring a claim for retaliation under § 1982 for adverse actions taken against them because of their advocacy on behalf of another against racial discrimination. *See Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969). This Court has previously held that § 1982 implicitly prohibits retaliation for associating with and supporting a racial minority. *See Milton v. Milligan*, No. 4:12cv384, 2013 WL 828591 (N.D. Fla. March 5, 2013). Protecting someone else's ability to enjoy their rights under the statute is "squarely at the core of § 1982." *Id*. at *3. The United States Supreme Court has observed that "the Court has construed §§ 1981 and 1982 alike because it has recognized the sister statutes' common language, origin, and purposes." *Humphries*, 553 U.S. at 448.

For the same reasons Impro Synergies' arguments with respect to Mr. Hill's § 1981 claim fail, their arguments with respect to his § 1982 claim fail. Impro Synergies' alleged actions against the resident implicate § 1982, and Mr. Hill's support of the resident could be seen as protected activity when the facts are viewed in the light most favorable to him. Finally, there is a plausible causal connection between his support for the resident and his termination.[1]

---

[1] It is possible, however, that Mr. Hill's § 1982 claim may be legally deficient because the loss of employment is not an impairment of the right "to inherit, purchase, lease, sell, hold, and convey real and personal property." *See, e.g.*, *Johnson v. Duval Cnty. Teachers Credit*

6

## V.   Retaliation in Violation of the Fair Housing Act, § 3617

The final claim that Mr. Hill brings is for a violation of the Fair Housing Act. The Fair Housing Act makes it illegal to:

> "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

Mr. Hill argues that Impro Synergies violated the Fair Housing Act (FHA) by coercing, intimidating, threatening, and interfering with him because of his active support of the resident.  In *Gonzales v. Lee Housing Authority*, 161 F.3d 1290, 1303 (11th Cir. 1998), the Eleventh Circuit held that the FHA prohibits employers from retaliating against employees who refuse to engage in racially discriminatory housing practices[2].  However, there does not seem to be clearly established

---

*Union*, 507 F. Supp. 307, 310 (M.D. Fla. 1980) (holding that § 1982 "does not apply to employment discrimination claims"). Especially in light of the Supreme Court's holding in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006) that a § 1981 plaintiff "must identify injuries flowing from a racially motivated breach of [his] own contractual relationship, not of someone else's," 546 U.S. at 480, it seems that a § 1982 plaintiff—even one relying on a retaliation theory—must identify some property interest *of their own* that has been impaired. Such a conclusion is not inconsistent with *Sullivan* or cases like *Milton*, which involved plaintiffs who were retaliated against in a manner that impaired their own property interests. Because Impro Synergies does not make such an argument, however, this Court need not decide whether it would be successful.

[2] Mr. Hill provides further support for this claim by citing to a regulation that Housing and Urban Development (HUD) promulgated. Under the regulation, the following employer conduct is illegal: "Threatening an employee or agent with dismissal or an adverse employment action, for any effort to assist a person seeking access to the sale or rental of a dwelling or seeking access to any residential real estate-related transaction, because of the race, color,

elements for a FHA retaliation claim in this circuit or others.  The Ninth Circuit has held that the well-settled principles of retaliation claims apply to FHA claims like this. *Walker v. Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).  Therefore, in order to state a claim for retaliation in violation of the FHA, Mr. Hill must show that (1) he engaged in protected activity; (2) the defendant subjected him to adverse action; (3) a causal link between the protected activity and the adverse reaction. *Id.*

     Mr. Hill has clearly demonstrated that he was promoting the resident's rights guaranteed by 42 U.S.C. § 3604, which prohibits discrimination against any person in the "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  Mr. Hill claims he was objecting to racial discrimination at the apartment complex.  The crucial fact at this early stage is that Mr. Hill objected to racial housing discrimination, which allegedly was the cause of Impro Synergies' allegedly retaliatory conduct.  Accordingly, Mr. Hill has stated a claim for retaliation under the FHA.

---

religion, sex, handicap, familial status, or national origin of that person or of any person associated with that person." 24 C.F.R. § 100.400.

## VI.    Pretext

Impro Synergies argues that Mr. Hill's claims fail because he has not provided facts indicating that he was reprimanded and ultimately terminated for non-discriminatory reasons.  In support of this argument that Mr. Hill was reprimanded and terminated for non-discriminatory reasons, Impro Synergies points to emails indicated that Mr. Hill was not performing adequately as an employee.

For retaliation claims based on violations of Civil Rights Statutes, courts employ a burden-shifting scheme to evaluate the claim. *Talladega City Schools*, 171 F. App'x at 296.  "After a plaintiff establishes a prima facie case for retaliation, the burden shifts to the defendant to produce legitimate reasons for the adverse employment action." *Id*.  If the defendant sets forth legitimate reasons, *then* the plaintiff must demonstrate that the employer's legitimate reasons were pretext for the retaliation. *Id*.  At the pleading stage, the plaintiff does not yet bear the burden to proffer evidence showing that the defendant's legitimate reasons are actually pretext for discriminatory retaliation. *Munro v. LaHood*, 839 F. Supp. 2d 354, 363 (D.D.C. 2012).  "A complaint need not offer any evidence of pretext." *Winston v. Clough*, 712 F. Supp. 1, 10 (D.D.C. 2010).

At this stage in the case, Mr. Hill does not have to provide evidence showing that Impro Synergies' reasons for reprimanding and firing him were actually

9

pretext.  Requiring Mr. Hill to provide evidence refuting Impro Synergies' legitimate reasons for termination would not be consistent with the burden-shifting scheme that controls this case.  While Mr. Hill's job performance may be relevant later on in this case, at the pleading stage it is not.  Mr. Hill only has to show that he suffered an adverse employment action. Mr. Hill has provided enough facts to suggest that he did in fact suffer an adverse employment action.  As such, Mr. Hill has stated a claim for retaliation.

## VII.  Conclusion

Based on the foregoing reasons, this Court determines that Mr. Hill's complaint is sufficient under the pleading standards.  Accordingly, Impro Synergies' motion to dismiss the complaint under 12(b)(6), ECF No. 9, is **DENIED**.

**SO ORDERED on November 25, 2015.**

                                                   s/Mark E. Walker  
                                                   **United States District Judge**